**GENERAL DYNAMICS CORPORATION, et al., Plaintiffs,**

v.

**AMERICAN TELEPHONE AND TELEGRAPH COMPANY, et al., Defendants.**

**No. 82 C 7941.**

United States District Court, N.D. Illinois, E.D.

Feb. 10, 1987.

**418**

Philip W. Tone, Richard T. Franch, James A. McKenna, Jenner & Block, Chicago, Ill., for plaintiffs.

Theodore N. Miller, Sidley & Austin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This complex antitrust action is now before the court on the motion of plaintiffs General Dynamics Corporation, et al. (hereinafter collectively referred to as "General Dynamics") for certification of this court's December 4, 1986 order, pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the court grants General Dynamics' motion for certification.

On December 4, 1986, this court issued a Memorandum Opinion and Order denying General Dynamics' motion for a determination that defendants American Telephone and Telegraph, et al. (hereinafter collectively referred to as "AT & T"), are collaterally estopped from litigating in this action certain issues decided against them in *Litton Systems, Inc. v. AT & T,* 700 F.2d 785 (2d Cir.1983), *cert. denied,* 464 U.S. 1073, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984). General Dynamics now moves the court to certify this issue for immediate appeal under 28 U.S.C. § 1292(b).

Section 1292(b) authorizes a court to certify an order for an interlocutory appeal

where the court determines that the order (1) involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) that an immediate appeal may materially advance the ultimate determination of the litigation. Such interlocutory review is permitted "to assure orderly and efficient administration of complex cases." *In re Uranium Antitrust Litigation,* 617 F.2d 1248, 1263 (7th Cir.1980). The three Section 1292(b) factors allow the court to efficiently handle complex actions as, together, they allow the court to consider the probable advantages and disadvantages of immediate appeal:

> The advantages of immediate appeal increase with the probabilities of prompt reversal, the length of the district court proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed on the parties by a wrong ruling. The disadvantages of immediate appeal increase with the probabilities that lengthy appellate consideration will be required, that the order will be affirmed, that continued district court proceedings without appeal might moot the issue, that reversal would not substantially alter the course of district court proceedings, and that the parties will not be relieved of any significant burden by reversal.

16 Wright, Miller, Cooper and Gressman, *Federal Practice and Procedure* § 3930 at 156 (1977).

It is clear that a party seeking review pursuant to Section 1292(b) has the burden of persuading the court that "exceptional circumstances" justify a departure from the basic policy of postponing appellate review until after the court has entered a final judgment in the case. *Fisons Limited v. United States,* 458 F.2d 1241, 1248 (7th Cir.1972), *cert. denied,* 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972). *See generally* Report, 1958 U.S.Code Cong. & Admin.News 5255, 5260–61 (Committee that drafted Section 1292(b) intended that it be used "only in exceptional cases where a decision of the appeal may avoid protracted

and expensive litigation, as in antitrust and similar protracted cases.").

In the present case, AT & T does not dispute that the court's order denying General Dynamics' motion for collateral estoppel involves a controlling question of law. Nor does AT & T dispute that, should the Seventh Circuit reverse the court's order, the ultimate termination of this litigation would be materially advanced. However, AT & T contends that, because the court's decision was one of discretion, interlocutory review is inappropriate. AT & T also contends that *Selectron, Inc. v. AT & T*, 587 F.Supp. 856 (D.Ore.1984), does not constitute a substantial ground for difference of opinion. Finally, AT & T contends that there is no immediate need for appeal to protect the due process rights of General Dynamics because the court's order denies General Dynamics' motion for offensive collateral estoppel; rather than denying General Dynamics its day in court, it merely requires that General Dynamics prove its case on the merits.

However, the court finds, first, that the fact that the decision in question was within the discretion of the court does not preclude interlocutory review:

> The key consideration is not whether the order involves the exercise of discretion, but whether it truly implicates the policies favoring interlocutory appeal. The determination of what orders are properly reviewable under § 1292(b) must be made by a practical application of those policies, not by a mechanical application of labels such as "discretionary" or "nondiscretionary."

*Katz v. Carte Blanche Corp.*, 496 F.2d 747, 756 (3rd Cir.1974), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). The Seventh Circuit has accepted immediate appeals under Section 1292(b) from decisions based on the district court's discretion. *See, e.g., Hewitt v. Joyce Beverages of Wisconsin, Inc.*, 721 F.2d 625, 627 (7th Cir.1983).

Second, the court finds that its decision of December 4, 1986 involved the resolution of several difficult issues concerning the applicability of offensive collateral estoppel in the Seventh Circuit. The Court of Appeals for the District of Columbia Circuit, in *Jack Faucett Associates v. AT & T*, 744 F.2d 118 (D.C.Cir.1984), *cert. denied*, 469 U.S. 1196, 105 S.Ct. 980, 83 L.Ed.2d 982 (1985), a decision upon which this court heavily relied in its December 4, 1986 order, accepted that case on a Section 1292(b) interlocutory appeal, recognizing the difficulty of the collateral estoppel issues before it. *Faucett*, 744 F.2d at 119. The fact that the *Faucett* court considered many of the issues before this court, however, does not mean that the issues have been finally resolved or that there is no substantial ground for differences of opinion on those issues in the Seventh Circuit.

Finally, the court finds that there is some possibility that proceeding with this action without certification of an interlocutory appeal may provide a fuller record for consideration of a few of the collateral estoppel issues, and may even moot the collateral estoppel issues, should General Dynamics prevail. However, there is a greater possibility that this complex antitrust action will result in lengthy proceedings before final resolution, and an immediate appellate decision reversing this court's order and estopping AT & T from litigating some or all of the issues decided in *Litton* might substantially shorten the length of the proceedings in this court. Further, such an appellate decision rendered after a trial and final decision by this court may very well result in the need for a new trial. The court notes that prophylactic use of a special verdict, as suggested by the Seventh Circuit in *AT & T v. MCI Communications Corp.*, 748 F.2d 799, 802 (7th Cir.1984), will not prevent any possible error in this court's December 4, 1986 order from irreversibly impregnating and expanding the ensuing proceedings.

Therefore, although this court is convinced that its December 4, 1986 order accurately reflects the facts and law regarding the application of collateral estoppel in this action, the court finds that its December 4, 1986 order involves a controlling question of law as to which there is a substantial ground for difference of opin-

ion and that an immediate appeal may materially advance the ultimate determination of this litigation. Accordingly, the court certifies an interlocutory appeal from the December 4, 1986 order pursuant to 28 U.S.C. § 1292(b). The court hereby amends its December 4, 1986 order to include the following paragraph after the last paragraph on page thirty:

The court finds that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate determination of this litigation. For this reason, the court certifies an interlocutory appeal from this order pursuant to 28 U.S.C. § 1292(b).